UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH L. MASLOWSKI,

    Plaintiff,

v.

    CASE NO. 1:12-CV-514

    HON. ROBERT J. JONKER

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., *et al.*,

    Defendants.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Maslowski's Objection to the Magistrate Judge's Report and Recommendation (docket # 74). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation (docket # 71) itself; Plaintiff's objections (docket # 74); and Defendants' response (docket # 75). After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

In this lawsuit, Plaintiff Maslowski challenges a foreclosure and foreclosure sale (Am. Compl., docket # 38). Fundamentally, Plaintiff claims that the foreclosure proceedings were invalid because Defendant MERS lacked capacity to assign the mortgage, and Defendant Bank of New York Mellon lacked capacity to accept MERS's assignment of mortgage. (*Id.*) In his Report and Recommendation, the Magistrate Judge recommends that the Court grant Defendants' Motion to Dismiss under FED. R. CIV. P. 12(b)(6). The Report and Recommendation correctly notes that Plaintiff alleges that the redemption period expired the day Plaintiff filed this lawsuit in state court, and that the filing of the action did not toll the redemption period. (docket # 71 at 6.) The Report and Recommendation accurately explains that under *Conlin v. Mortgage Electronic Registration Systems, Inc.*, 714 F.3d 355, 360 (6th Cir. 2013), once the redemption period has expired, a plaintiff must meet a high standard for a federal court to invalidate or set aside a mortgage foreclosure by advertisement in Michigan. In particular, a plaintiff must show both fraud related to the foreclosure process itself and that he or she was prejudiced by the defendant's failure to comply with the foreclosure statute's requirements. *Conlin*, 714 F.3d at 359-62. The Magistrate Judge found that Plaintiff had made no allegations or showing of prejudice, and that therefore, dismissal under FED. R. CIV. P. 12(b)(6) is appropriate. The Court agrees.

Plaintiff does not challenge the Magistrate Judge's analysis or *Conlin's* application to his case. Instead, Plaintiff points out that neither *Conlin* nor *Kim v. JP Morgan Chase Bank, N.A.*, 493

2

Mich. 98, 825 N.W. 2d 329 (2012), a Michigan case on which *Conlin* relies, had been decided at the time Plaintiff filed his Amended Complaint. (docket # 74.) Plaintiff seeks to amend his complaint to allege prejudice in light of the *Conlin* and *Kim* decisions. Plaintiff's only suggestion about the prejudice he might allege is that an allegedly faulty mortgage assignment may have exposed him to potential double liability during "the entire period between the date MERS was directed to assign the mortgage and the date the alleged assignment actually took place." (docket # 74.) But this allegation would not help his claims survive a motion to dismiss. Even if Plaintiff were exposed to a risk of double liability during the limited time period he describes, the potential harm did not come to pass. Plaintiff does not suggest any possibility of amending his complaint in a way that would support a claim "that he would have been in any better position to keep the property absent the defect" he alleges. *Conlin*, 714 F.3d at 362. Nor has Plaintiff suggested he could make "the clear showing of fraud in the foreclosure process required to challenge the foreclosure after the expiration of the six-month redemption period." *Id.*

For these reasons, the Court concludes that dismissal under FED. R. CIV. P. 12(b)(6) is appropriate.

**ACCORDINGLY, IT IS ORDERED**:

1. **ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 71) is approved and adopted as the opinion of the Court.

2. Defendants' Motion to Dismiss (docket # 40) is **GRANTED**.

Dated:     October 31, 2013           /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE